Before STATE INDUSTRIAL BOARD, Respondent.

MRS. EDITH COMAN and Another, Respondents, *v.* MODEL DAIRY COMPANY and Another, Appellants.

Third Department, November 13, 1924.

**Workmen's compensation — claimant's intestate was employed as manager of milk station located near railroad station — intestate used his own automobile in going to and from his boarding house — after intestate had finished work on day of accident he was struck by railroad train as he was crossing track with his automobile — no proof that he was then engaged in employer's business — injury did not arise out of and in course of employment.**

The claimant's intestate was not killed as the result of an injury arising out of and in the course of his employment, since it appears that at the time of the accident he was the manager of a milk station which was located on land adjoining the right of way of a railroad and near the railroad station; that he boarded about one mile from the place of his work and used his own automobile in going to and from his boarding house; that on the day of the accident and after he had finished his work he was struck by a railroad train while he was crossing the tracks in his automobile; and that the evidence does not show that at the time of the accident he was engaged in his employer's business.

There is no evidence to sustain the contention that the intestate was required to visit dairy farms which supplied the milk station and that he was required to use his automobile in making such visits, nor is there any evidence to sustain the contention that he intended on the day of the accident to use his automobile in visiting dairy farms or at the time of the accident was on his way to do so.

APPEAL by the defendants, Model Dairy Company and another, from awards of the State Industrial Board made on the 13th day of October, 1922, and also from an award made on the 28th day of November, 1923.

*William H. Foster*, for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

*U. G. Welch*, for the claimants, respondents.

H. T. KELLOGG, J.:

The employee, Henry Coman, for whose death this claim was filed, was the manager of a milk station of the Model Dairy Company, the employer, at Greenway, N. Y. The station was located

on land which adjoined the right of way of the New York Central Railroad Company on the south. A highway, leading north and south, crossed the right of way a short distance west of the milk station. From this highway a private road led across the station premises to the station building. Coman lodged and took his meals at a boarding house located on the highway mentioned, about one mile north of the railroad crossing. He was accustomed to travel back and forth between the boarding house and the milk station in an automobile to which he owned title. He was accustomed to park the automobile upon the station premises while he was at work thereupon. On the day of Coman's death the work at the plant was ended at about four-thirty in the afternoon. Coman remained in the station building talking with an employee until that employee departed at about five o'clock. Fifteen minutes later Coman with his automobile was crossing the railroad tracks going north upon the highway mentioned when the automobile was struck by a passing train and Coman received such injuries that he died. There was no proof that Coman at the time was driving his automobile in aid of his employer's business. On the contrary, the just inference would seem to be that Coman was journeying to his boarding house for the purpose, personal to himself, of obtaining his evening meal and his night's lodging. Much has been made of the fact that, according to the terms of his employment, Coman was required to visit with his automobile various dairy farms which supplied the milk station of his employer. It has been argued that Coman kept his automobile at the plant of his employer in order to be ready to make these visits. The case is barren of proof, however, that Coman had ever made the visits required with his own automobile or with that of any other person. It is barren of proof that upon the day in question he had entertained the purpose of visiting the dairy farms and in order to be in readiness therefor had parked his car upon his employer's premises. The conclusion cannot be escaped that Coman at the time of his death was not in the course of his employment

The award should be reversed and the claim dismissed, with costs against the Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.